UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MARK A. RUBENSTEIN AS THE TRUSTEE
OF THE ROSENKRANTZ CHILDRENS'
IRREVOCABLE TRUST,

                 Plaintiff,

-against-

GREY FLANNEL AUCTIONS, INC.,

                 Defendant.
------------------------------------------------------------X
------------------------------------------------------------X
GREY FLANNEL AUCTIONS, INC.,

                 Third-Party Plaintiff,

-against-

HOWARD ROSENKRANTZ,

                 Third-Party Defendant.
------------------------------------------------------------X

Civ. No. 06CV5157 (LDW)(AKT)

**STIPULATION AND**
**ORDER OF SETTLEMENT**

RECEIVED FEB 20 2007

This Stipulation and Order of Settlement (the "Stipulation"), dated as of February 7, 2007, is made and entered into among Mark A. Rubenstein as the Trustee (the "Trustee") of the Rosenkrantz Childrens' Irrevocable Trust (the "Trust"), Grey Flannel Auctions, Inc. ("Grey Flannel"), and Howard Rosenkrantz by and through their respective attorneys. This Stipulation is intended to fully, finally, and forever resolve, discharge, and settle, all claims asserted in the actions captioned above, with prejudice and without costs, subject to the terms and conditions hereof. WHEREAS, on September 25, 2006, the Trustee commenced an action against Grey Flannel for payment of a loan; and

WHEREAS, on November 21, 2006, Grey Flannel answered the Complaint substantially denying the allegations of the Complaint and asserting a counterclaim against the Trustee; and

WHEREAS, on November 21, 2006, Grey Flannel also filed a third-complaint against Rosenkrantz for breach of a shareholder's agreement and for breach of fiduciary duty, which allegations Rosenkrantz substantially denies; and

WHEREAS, the parties and their respective counsel, having considered the facts and circumstances underlying the claims asserted, the complexity of the issues, the risks and costs of further litigation and the relative strengths and weaknesses of the claims asserted and without admitting any liability, have concluded that a settlement is in the best interests of all parties;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and among the parties through their respective counsel of record, that the above-captioned actions shall be settled on the following terms:

1. The foregoing paragraphs are hereby incorporated herein by reference.

2. Grey Flannel shall pay to the Trust and the Trust shall accept the sum of $106,500.00 (the "Settlement Amount") payable pursuant to the terms and conditions below:

    a. Within five (5) business days of the completion of execution of this Stipulation and Exhibit "A" hereto, Grey Flannel shall pay the Trust the sum of $25,000.00.

    b. The balance of $81,500.00 ( the "Settlement Balance Amount") shall be paid to the Trust (without interest) solely out of the buyers' premiums (currently twenty (20%) percent) that Grey Flannel actually receives from the sale of consignments of memorabilia either obtained for Grey Flannel by Rosenkrantz from third parties or consigned by Rosenkrantz himself. One hundred (100%) percent of such buyers'

2

premiums will be remitted to the Trust when collected by Grey Flannel until the Settlement Balance Amount is paid in full. No payments shall be due to the Trust from buyers' premiums received by Grey Flannel from sales of consignments from sources other than Rosenkrantz. It is expressly understood that the duty to obtain consignments is the sole obligation of Rosenkrantz and Grey Flannel shall have the right to refuse any consignments not up to the standards of Grey Flannel, based upon the standards of the prior consignments accepted by Grey Flannel from Rosenkrantz. If Rosenkrantz does not provide consignments for any reason, including death, Grey Flannel shall have no obligation to pay any unpaid portion of the Settlement Balance Amount. However, in the event of the death of Rosenkrantz, consignments of memorabilia by Rosenkrantz's Estate of items owned by Rosenkrantz or any entity controlled by him, shall be treated as if consigned by Rosenkrantz.

c. The seller's premium on any consignments received from Rosenkrantz, HMR Collectibles and the Grey Flannel Gallery will continue to be zero for any merchandise owned by them. However, for any consignments not owned by these entities, but obtained by Rosenkrantz, a seller's premium (currently ten (10%) percent) will be charged and retained by Grey Flannel.

3. Rosenkrantz acknowledges that Grey Flannel has met all of its obligations under the February 8, 2006 agreement between Grey Flannel, Richard Russek, and Rosenkrantz (the "February 8th Agreement").

4. Simultaneously with the execution of this Stipulation, Grey Flannel and Rosenkrantz shall execute a License Agreement in the form annexed hereto as Exhibit "A" regarding the Trademark "Grey Flannel".

5. It is expressly understood, whether or not this Stipulation is approved by the Court, that acceptance and execution of this Stipulation by the parties, and all negotiations, documents, statements and proceedings in connection herewith: (a) shall not be construed as, or deemed to be, an admission or concession on the part of any of the parties; and (b) except as described in this paragraph, shall not be offered or received in evidence in any action or proceeding in any court or other tribunal or offered, used or deemed in any way as an admission, concession or evidence of any liability, fault, wrongdoing or misconduct of any nature, or weakness or lack of merit of any claim or defense, by any of the parties; *provided,* however, that nothing herein shall prevent any of the parties from using this Stipulation, or any document or instrument delivered hereunder, or any negotiations, documents, statements, transactions or proceedings related thereto:

(1) as necessary to effectuate or to establish the terms of the settlement contemplated herein;

(2) to effect or obtain Court approval of the settlement contemplated herein;

(3) to enforce the terms of this Stipulation;

(4) for purposes of defending, on the grounds of *res judicata,* collateral estoppel release, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, asserted against any of the parties; or

(5) as otherwise required by law.

6. All persons executing this Stipulation thereby represent that they have been authorized and empowered to do so.

7. The parties to this Stipulation and their attorneys agree to cooperate fully with one another in seeking Court approval of this Stipulation, and to use their reasonable best efforts to effectuate the terms hereof.

8. This Stipulation and the Exhibit hereto, including this paragraph, embody and represent the full agreement of the parties and understandings relating to the subject matter hereof between or among any of the parties hereto, and shall not be modified, unless such modification is in writing and executed by counsel for the parties. No party hereto has relied on any statement or representation, written or oral, not expressly set forth herein.

9. Without further order of the District Court, the parties hereto may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation.

10. This Stipulation shall be governed by and construed in accordance with the laws of the State of New York, without regard to the laws that might otherwise govern under principles of conflicts of laws applicable thereto.

11. The above-captioned actions are hereby dismissed with prejudice and without costs. However, the Court shall retain jurisdiction for the purpose of enforcing the terms of this Stipulation.

12. If any party shall commence an action or proceeding to enforce the terms of this Stipulation, then the prevailing party in such action or proceeding shall be entitled to recover their reasonable costs and attorneys' fees incurred in such action or proceeding, including the costs and attorneys' fees associated with seeking such costs and attorneys' fees.

13. An Order of the Court may be entered upon this Stipulation without further notice to any party.

KREINCES & ROSENBERG, P.C.
Attorneys for Plaintiff

By: _____
    Leonard Kreinces, Esq. (LK-6524)
900 Merchants Concourse
Suite 305
Westbury, NY 11590
Telephone: (516) 227-6500
Facsimile: (516) 227-6594

MORITT HOCK HAMROFF & HOROWITZ LLP
Attorneys for Defendant/Third-Party Plaintiff

By: _____
    Robert M. Tils, Esq. (RT-0575)
400 Garden City Plaza
Garden City, NY 11530
Telephone: (516) 873-2000
Facsimile: (516) 873-2010

MICHAEL A. ROSENBERG, ESQ.
Attorney for Third-Party Defendant

By: _____
    Michael A. Rosenberg (MR-8770)
122 East 42nd Street
New York, NY 10168
Telephone: (212) 972-3325
Facsimile: (212) 972-3329

**SO ORDERED**

_____
    U.S.D.J.

Dated: ____3/8____, 2007
    Central Islip, NY